IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| TECH USA, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Civil No. JFM-07-1456 |
| KEVIN S. CRABTREE, | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS AND TO COMPEL ARBITRATION**

Defendant, Kevin S. Crabtree, by his undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of his Motion To Dismiss and to Compel Arbitration.

**INTRODUCTION**

The issue before the Court is whether the parties' dispute should be resolved in litigation or arbitration.  The parties executed a compulsory arbitration agreement that provides for mandatory mediation and arbitration of all disputes between them, excepting only Plaintiff's right to seek injunctive relief for violation of non-competition and non-solicitation promises.  Pursuant to Defendant's Consent to Plaintiff's Request for Injunctive Relief filed herewith, <u>Defendant is consenting to the requested injunctive relief</u>, leaving only monetary issues in dispute.  Because the parties agreed that all non-injunctive relief issues would be determined solely by mediation and arbitration, this Court should enforce that agreement and compel arbitration of the those remaining monetary issues.

1363573.3

A significant reason for Defendant's willingness to consent to injunctive relief and proceed to mediation and arbitration is that the compulsory arbitration agreement provides for fee-shifting only as to fees incurred in litigation; fees incurred in connection with arbitration are to be borne by the parties themselves.  Thus, giving effect to the parties' agreement by compelling arbitration will not only change the forum of this dispute but will significantly alter the dynamics of how this dispute is ultimately resolved.[1]

In sum, this case does not belong in this Court but in mediation and arbitration, as the parties have agreed.  An order dismissing this action and compelling arbitration will both spare scarce judicial resources and give effect to the parties' preferred and agreed-to dispute resolution method.

**I. THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE DEFENDANT HAS CONSENTED TO INJUNCTIVE RELIEF, THE ONLY CLAIM SUBJECT TO LITIGATION.**

Plaintiff is in the business of recruiting information technology and other staffing for customers (Verified Complaint ¶ 2).  From June 7, 1999 until January 12, 2007, Defendant was a recruiter for Plaintiff, first in Plaintiff's Maryland office and beginning in early 2001, in Plaintiff's Tampa office (Verified Complaint ¶¶ 4, 5, and 10).

A "Confidentiality/Non-Competition Agreement" executed by the parties upon Defendant's joining Plaintiff (Ex. A to the Verified Complaint and attached hereteo) (the "Agreement") contains non-solicitation and non-competition clauses that are at the heart of this lawsuit.  See Exhibit A at ¶¶  3, 4.

---

[1] Another reason Defendant is consenting to the injunctive relief sought in this case is that he and his wife are also about to give birth to their first child, and Defendant plans to forego employment during the early months of his child's life to become a full-time caregiver while his wife returns to her job.

In addition, paragraph 8 of the Agreement provides for compulsory mediation and arbitration of all non-injunctive claims at issue in this lawsuit:

> Excepting only legal actions for [injunctive relief to enforce the non-solicitation and non-competition provisions] and any workers compensation, unemployment, and ERISA/benefit matters, <u>any and all grievances, disputes, controversies, causes of action, and any and all other claims of any nature whatsoever, whether arising in contract, under statute, in tort, or otherwise between you and the Company</u> (collectively "Claims") must be submitted first to mediation [in Baltimore pursuant to the AAA Rules], and then, in the event mediation has not been successful . . . submitted to and resolved exclusively by arbitration . . .

Ex. A to the Verified Complaint, ¶ 8 (emphasis in the original).[2]   Thus, but for Plaintiff's claim for injunctive relief, all of its claims against Defendant as set forth in the Verified Complaint are subject to compulsory mediation and arbitration under the auspices of the American Arbitration Association.

In a Consent to Plaintiff's Request for Injunctive Relief filed today, Defendant has not only consented to the entry of a preliminary injunction similar to the form submitted by Plaintiff with its motion for preliminary injunction, but he is <u>consenting to the entry of a permanent injunction</u> which tracks the non-solicitation and non-competition provisions of paragraphs 3 and 4 of the Agreement.  <u>See</u> Defendant's Consent to Plaintiff's Request for Injunctive Relief.  Therefore, the sole basis for submission of Plaintiff's claims against Defendant to this Court has been obviated, rendering the remaining disputes between the parties subject dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[2] The Agreement also provides for fee-shifting of attorney's fees, costs and expenses incurred in connection with any claim for injunctive relief but not for such costs incurred in mediation or arbitration. <u>See</u> Exhibit A at ¶ 9.

1363573.3

## II. THIS COURT SHOULD COMPEL MEDIATION AND ARBITRATION OF ALL REMAINING CLAIMS PURSUANT TO THE COMPULSORY ARBITRATION PROVISIONS OF THE AGREEMENT.

The Federal Arbitration Act, 9 U.S.C. § 2 (the "FAA"), provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  A party may compel arbitration if he establishes: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.  See American General Life and Acc. Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005).

Here, all conditions for application of the FAA exist:  (1) There is a dispute between the parties; (2) the parties have executed a binding, compulsory arbitration agreement which purports to cover that dispute, and the sole relevant exception to that compulsory arbitration agreement (injunctive relief) has been rendered moot by Defendant's consent to entry of injunctive relief; (3) the dispute concerns interstate commerce; and (4) Plaintiff is refusing to accept Defendant's consent to injunctive relief and referral of the remaining issues to arbitration.   Therefore, the Court should enforce the FAA and compel Plaintiff to submit the remaining, non-injunctive matters in dispute to the AAA for mediation and arbitration.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Verified Complaint for failure to state a claim upon which relief can be granted and compel Plaintiff to submit its non-injunctive claims to mediation and arbitration.

Dated: 06/28/07                                             Respectfully submitted,

/s/
Cyril V. Smith. (Federal Bar # 07332)
William K. Meyer (Federal Bar # 01214)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
(410) 332-0444
csmith@zuckerman.com
wmeyer@zuckerman.com

Attorneys for Defendant Kevin S. Crabtree

1363573.3

# EXHIBIT A

# CONFIDENTIALITY/NON-COMPETITION AGREEMENT
## (OVERHEAD EMPLOYEES)

In consideration of your employment by TECH USA, INC. (the "Company"), which you and the Company agree shall be on an <u>at will</u> basis, you and the Company each agrees as follows:

1. <u>Confidential Information/Trade Secrets</u> - During your employment by the Company and, after your termination, whether by you or the Company with or without cause (collectively "Termination of Employment"), you agree that you shall not use for your own benefit, or the benefit of any third party, or disclose or divulge to any third party, any Confidential Information (as defined below) or Trade Secrets (as defined in the Maryland Uniform Trade Secrets Act). Confidential Information shall mean any information not generally known by the Company's competitors or the general public concerning the Company, including, but not limited to: (a) its financial affairs, sales, and marketing strategies, acquisition plans, pricing and costs; (b) any of the following information about corporations or other entities (collectively Customers) for whom the Company employs, recruits, supplies, or otherwise finds or arranges employees: any such Customer's or Customer's names, addresses, telephone numbers, contact persons, staffing requirements, and/or margin tolerances regarding pricing; (c) any of the information described in subsection (b) above regarding prospective Customers of the Company; and (d) the names, addresses, telephone numbers, skill sets availability and wage rates of any contract employees and/or any other personnel the Company employs, recruits, supplies, or otherwise finds or arranges for its Customers.

2. <u>Company Property</u> - Upon Termination of Employment, you agree to immediately return to the Company any and all property, records and documents you obtained or developed in the course of such employment, including, without limitation, any lists or other documents, whether written or electronic, containing in whole or in part any of the Confidential Information or Trade Secrets.

3. <u>Non-solicitation</u> - During your employment by the Company and for twelve (12) months after Termination of Employment, you will not in any manner induce, attempt to induce or assist others to induce or attempt to induce:

    a) any employee or other person associated with the Company to terminate his or her employment or association with the Company, (nor will you directly or indirectly, interfere with the business relationship between the Company and any such persons).

    b) any existing Customer of the Company or any prospective Customer with whom the Company has had contact, to terminate its business relationship with the Company, or do anything, directly or indirectly to interfere with the business relationship, existing or prospective, between the Company and (i) any of its Customers (including prospective Customers) or (ii) any other person or any concerns purchasing from or dealing with the Company.

4. <u>Non-competition</u> - During your employment by the Company and for twelve (12) months after Termination of Employment, you agree that you will not, either directly or indirectly, in any manner or capacity, as principal, agent, partner, officer, director, employee, member of any association or limited liability company, consultant, advisor or in any capacity other than in your capacity as an employee of the Company:

    a) (during your employment with the Company) engage in or work or render services for any business or activity which engages in the business of recruiting or providing employees, on a temporary or permanent basis, anywhere within the United States, or (after Termination of Employment) engage in or work for any business or activity which engages in the business of recruiting or providing employees, on a temporary or permanent basis, and which has an office located within fifty (50) miles of any of the Company's offices.

    b) (during your employment with the Company) approach, contact, solicit, divert, accept, or contract with any employees or personnel to provide services on a temporary or permanent basis to any individual, corporation, or other entity; or (after Termination of Employment) approach, contact, solicit, divert, accept, or contract with any employees or personnel to provide services on a temporary or permanent basis to any individual, corporation, or other entity which at any time within two (2) years prior to the date of Termination of Employment, has been, is, or was a Customer of the Company or who was contacted by the Company as a potential Customer or customer of the Company.

5. You acknowledge and agree that any breach by you of any of the above provisions of this Agreement will cause the Company immediate irreparable harm and that no remedy at law would be adequate to compensate the Company in any such event. Accordingly, you agree that, in the event of any such breach by you, the Company shall have the right to proceed directly to any state or federal court in Maryland under the usual equity rules in order to obtain injunctive relief, including, without limitation, temporary restraining orders, preliminary injunctions, and permanent injunctions against such breach (threatened or otherwise). You agree that any injunction obtained by the Company shall run for a period of twelve (12) months from the date the injunction is granted rather than for a period of twelve (12) months from the date of Termination of Employment or from the date of commencement of your violation of any of the terms and provisions of this Agreement.

6. You agree that each of the above covenants, agreements, and provisions contained in this Agreement are separate and distinct and that the invalidity of any one or more of them shall not render the others invalid. Without limiting the generality of the foregoing, if the invalidity or unenforceability is due to the unreasonableness of the duration or geographical area set forth in any such covenant, agreement or provision,

_K.C._
Employee initials

then such covenant, agreement or provision shall nevertheless be enforced to the maximum extent permitted by law and shall be effective for such period of time and for such area as may be determined to be reasonable by a court of competent jurisdiction.

7. This Agreement shall take effect upon its acceptance and execution by the Company in Maryland. This Agreement and the relationship of the parties (and any and all claims, disputes, controversies, or causes of action between you and the Company, whether sounding in statute, contract, tort, or otherwise, arising out or in any way in connection with this Agreement or such relationship) shall be governed by, construed and enforced in accordance with the local/internal laws of the State of Maryland, without regard to conflict of laws principles. You hereby consent, in any action brought in connection with any matters described in paragraph 5 of this Agreement, to the jurisdiction of any federal or state court within the State of Maryland, and you waive all questions, issues, and defenses as to personal jurisdiction and venue for the purpose of carrying out this provision.

8. Excepting only legal actions for matters described in paragraphs 5 above and any workers compensation, unemployment, and ERISA/benefits matters, any and all grievances, disputes, controversies, causes of action, and any and all other claims of any nature whatsoever, whether arising in contract, under statute, in tort, or otherwise between you and the Company (collectively "Claims") must be submitted first to mediation to occur in the Baltimore, MD metropolitan area pursuant to the then-prevailing American Arbitration Association Employment Dispute Resolution Rules (the "AAA Rules"), and then, in the event mediation has not been successful in accomplishing a settlement within ninety (90) business days of either party's initiating mediation with the AAA, submitted to and resolved exclusively by arbitration pursuant to the then-prevailing AAA Rules. You, as an inducement to the Company without which the Company would not have entered into this Agreement with you, specifically understand and agree as follows:

   I understand and agree the Company makes available mediation and arbitration, as described in detail through this paragraph 8, for resolution of any Claims I may have against the Company. I also understand that as a condition of employment and continued employment, I will not be able to take any Claims to Court; instead, I agree to submit any Claims to the process described above and agree to abide by and accept the final decision of the arbitrator as the ultimate resolution of all of my Claims including, without limitation, those arising out of or in any way in connection with employment, Termination of Employment, and/or discrimination of any nature whatsoever, whether by reason of race, gender, age, sexual harassment, disability, or any other reason. The Claims that must be submitted to arbitration under the preceding sentence include, without limitation, those arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, and 42 U.S.C § 1981.

   Employee Initials

   All arbitration demands shall be filed with the McLean, VA office of the American Arbitration Association's ("AAA's") Washington, D.C. regional office, and all arbitration proceedings shall take place in the Baltimore, MD metropolitan area. Notwithstanding the provisions of the then-prevailing AAA Rules, you and the Company agree further that a sole arbitrator shall be selected and that, regardless of the amount in controversy between the parties, the AAA shall submit to the parties a panel or list of names of potential arbitrators who have experience in the resolution of disputes between employers and employees, from which each party shall submit its strikes and rankings of the potential arbitrators to the AAA. Judgment upon the award of the arbitrator may be entered in the court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the award or any order of enforcement.

9. You and the Company each agree that the Company shall be entitled to its reasonable attorneys fees, costs, and expenses in the event of any litigation of any matters described in paragraph 5 above. You and the Company each agree that all litigation of matters described in paragraph 5 and all arbitration pursuant to paragraph 8 above shall be conducted on an individual, not a multiple or class-wide basis, and shall not be asserted on behalf of any third party or on behalf of any third party beneficiary. For purposes of paragraphs 5 and 8 above and this paragraph, the words "the Company" shall include the TECH USA, INC., its officers, directors, affiliates, shareholders, attorneys, agents, and employees, or any one or more of them, and the word "you," shall include you (the employee) and your heirs and/or personal representatives.

10. You and the Company each agree that the at will employment relationship established between you and the Company by this Agreement is terminable by either party at any time, with or without cause, by sending written notice (via certified mail) to the other at the other's address below, provided that in the event you send such notice to the Company, you shall give the Company at least two (2) weeks notice prior to termination:

    If to you:                              If to the Company:
    Kevin S. Crabtree                       TECH USA
    3459 Blandford Way                      Attn: T.B. Howell
    Davidsonville, MD 21035                 8334 Veterans Highway
                                            Millersville, MD 21108

11. YOU ACKNOWLEDGE THAT YOU HAVE CAREFULLY READ ALL OF THE COVENANTS, AGREEMENTS, AND PROVISIONS OF THIS AGREEMENT AND HAVE GIVEN CAREFUL CONSIDERATION TO THE RESTRICTIONS IMPOSED UPON YOU HEREUNDER. YOU ACKNOWLEDGE THAT THE COMPANY HAS AGREED TO ENTER INTO THIS AGREEMENT, IN SUBSTANTIAL PART, IN RELIANCE ON THE COVENANTS, AGREEMENTS, AND PROVISIONS CONTAINED HEREIN.

12. Entire Agreement - This Agreement states the entire agreement among the parties (incorporating herein all prior discussions by the parties) and, as such, can only be further amended by a writing signed by all parties. Each

of the agreements covenants, paragraphs, and provisions (collectively "Provisions") contained herein shall survive Termination of Employment, and/or any termination, expiration or completion/conclusion of the Assignment. Any Provision of this Agreement which is ruled to be void or invalid under law by an arbitrator or court of law shall not impair the operation of, or have any other effect upon, the other Provisions of this Agreement which shall remain in full force and effect. You and the Company each acknowledge and agree that this Agreement may be executed originally and/or by fax in counterparts, and this Agreement so executed in counterparts will be as binding as if fully executed originals and/or faxes had been executed and delivered by all signatories.

AGREED AND SIGNED this ___7th___ , ___June___, 1999

TECH USA, INC.

By: _____  EMPLOYEE: _____

Title: _Senior Vice President_  Witness: _____

Date: __06-07-99__  Date: __06-07-99__